UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMAAL HUSEEN ALIYYI,

Petitioner,

v.

JEFFREY A. ROSEN, Acting Attorney General,

Respondent.

No.    19-71826

Agency No. A215-815-491

ORDER

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

The prior memorandum disposition filed on October 29, 2020, is hereby amended concurrent with the filing of the amended disposition today.

With these amendments, the panel has voted to deny the petition for panel rehearing.  Judge Nelson has voted to deny the petition for rehearing en banc, and Judge Hawkins and Judge N.R. Smith have so recommended.

The full court was advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petition for rehearing en banc is DENIED.  No further petitions for rehearing or rehearing en banc may be filed in response to the amended disposition.

**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMAAL HUSEEN ALIYYI,

Petitioner,

v.

JEFFREY A. ROSEN, Acting Attorney
General,

Respondent.

No.    19-71826

Agency No. A215-815-491

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2020
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Jamaal Aliyyi, a native and citizen of Ethiopia, petitions for review of

the denial of his application for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT") by the Board of Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeals ("BIA"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The immigration judge ("IJ") found Aliyyi not credible, and the BIA concluded that the IJ's finding was not clearly erroneous. Substantial evidence supports the adverse credibility determination based on (1) inconsistencies in Aliyyi's testimony and the evasiveness of his responses with regard to his birth certificate, national identity card, and passport and (2) omissions about the harm suffered by his brothers and father. *See Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). The record supports the cited inconsistencies, evasiveness, and omissions. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) ("In the totality of circumstances it was a reasonable adverse credibility determination, grounded in the record and based on real problems with [petitioner's] testimony, not mere trivialities."). Aliyyi failed to adequately explain the inconsistencies and omissions, and the evidence Aliyyi relies upon to support his claim does not compel us to a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Thus, absent credible testimony, the BIA properly denied Aliyyi's claims for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The BIA also properly denied Aliyyi's claim for CAT relief,

because it was based on the same testimony found not credible, and he does not point to any other evidence in the record which would compel a conclusion that he would be tortured by or with the consent or acquiescence of the Ethiopian government. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**